HENRY YOUNGS, Executor, etc., Respondent, *v.* MARIA YOUNGS et al., Appellants.

(Argued May 21, 1873; decided June 3, 1873.)

THIS was an action brought to obtain a construction of the will of Henry Youngs, deceased, and to have the trusts created thereby executed.   Judgment was given determining the construction and declaring the rights of the parties, which was affirmed in this court.   (*Youngs* v. *Youngs*, 45 N. Y., 254.) The judgment gave plaintiff leave to apply to the court thereon for further or other order.   Certain of the real estate was devised to the executors in trust for the payment of debts and liabilities of the testator, and in case the said real estate should be insufficient the residue of such debts was charged upon other real estate, thus making the real estate so devised and charged the primary fund for the payment of debts. Plaintiff thereupon applied to the Supreme Court for the appointment of a referee to settle the accounts of the trustees and executors, to ascertain the amount of the debts and what portion thereof remained unpaid after the application of the proceeds of the real estate so devised in trust, and to determine the amount of the residue chargeable upon the several parcels of real estate so charged therewith.   A referee was appointed, and upon the coming in of his report the same was confirmed, and from the order of confirmation this appeal arises.   *Held,* that the application was proper and the practice regular.

Prior to the death of the testator he had contracted for the erection of a building upon one of the parcels of land devised,

upon which contract there was unpaid about $14,000. The building was by the contract to be completed November 1st, 1868. It was not finished until the tenth of that month. The testator died on the fourth. The referee allowed to plaintiff a credit for the balance of the contract-price paid by him. *Held*, proper; that the same was chargeable with the other debts upon the real estate, and that, as the contractor had been permitted by the testator to proceed with the work after the expiration of the time for completion, this warranted a finding of a waiver by him of strict performance, and that the liability of the estate was not affected by the delay. Other questions were raised, which were decided upon the facts in the case.

*Cyrus Lawton* for the appellants.

*E. G. Drake, Jr.*, for the respondent.

Grover, J., reads for affirmance.
All concur.
Judgment affirmed.